IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DEVIN TERELLE COLE, | ) | CASE NO. 3:17-cv-00155 |
| | ) | |
| Petitioner, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| WARDEN OF SENECA COUNTY | ) | |
| JAIL, et al. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Respondents. | ) | |

## I. INTRODUCTION

*Pro se* petitioner Devin Terelle Cole *aka* Cole Devin Terelle ("Cole" or "Petitioner"), an alien under a final order of removal, initiated this habeas proceeding pursuant to 28 U.S.C. § 2241 challenging his pre-removal detention. Doc. 1, p. 1. Cole was removed from the United States on May 25, 2017. Doc. 5-2, p. 2, ¶ 4.

Following Cole's removal, on May 31, 2017, the Federal Respondents[1] to this action have moved to dismiss the petition for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) on the grounds that the case is now moot. Doc. 5, pp. 1-2. The motion to dismiss is unopposed.[2] Petitioner indicated his desire to withdraw his habeas petition in an affidavit executed on April 14, 2017, at the Seneca County Jail (Doc. 4-1, pp. 29-30) but

---

[1] "Federal Respondents" include Attorney General Sessions, Immigration and Customs Enforcement, and the Department of Homeland Security. The Warden of Seneca County Jail did not join in the motion.

[2] Respondents also filed a Return and Response to the Petition on May 3, 2017. Doc. 4. Petitioner did not file a response.

1

has not filed a motion to withdraw with this Court. For the reasons set forth herein, the undersigned recommends that the Federal Respondents' Motion to Dismiss (Doc. 5) be GRANTED.

## II. BACKGROUND

Cole is a native and citizen of Jamaica. Doc. 4-1, p. 1, ¶ 3. Petitioner, under the alias "Jason Fortte," was convicted of Criminal Possession of a Weapon by the Supreme Court of New York in April 2013 and sentenced to 42 months in prison. Doc. 4-1, pp. 2, 7.

In June 2013, Immigration and Customs Enforcement ("ICE") charged Cole with inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i). Doc. 4-1, pp. 2, 14. In September 2013, the immigration judge reviewing the case found petitioner inadmissible as charged and issued a final order for his removal to Jamaica. Doc 4-1, pp. 2, 16.

After Cole completed his prison sentence in February 2016, ICE brought him into custody at the Seneca County Jail to await removal. Doc. 4-1, p. 3, ¶ 8. ICE immediately attempted to obtain travel documentation for the petitioner from the Jamaican Embassy ("the embassy"). Doc. 4-1, p. 3, ¶ 9. The embassy was unable to locate any record of "Cole Devin Terelle" that could identify petitioner as a Jamaican national, and accordingly denied ICE's request for travel documents in October 2016. Doc. 4-1, pp. 3, 21.

While ICE continued its efforts to obtain travel documents, it issued the petitioner three Decisions to Continue Detention between April and December 2016. Doc. 4-1, pp. 17, 19, 22. In late March 2017, ICE inquired with the Social Security Administration ("SSA") to verify the Social Security Number ("SSN") that Cole had provided. Doc. 4-1, p. 24. The SSA indicated that the given SSN did not match the date of birth Cole provided, but instead belonged to an

unrelated minor. Doc. 4-1, p. 24. Cole filed a petition for a writ of habeas corpus in January 2017 challenging his detention pending his removal from the United States. Doc. 1, p. 1.

Suspecting that Cole was deliberately frustrating ICE's attempt to remove him, ICE served Cole with a Notice of Failure to Comply shortly after corresponding with the SSA. Doc. 4-1, p. 4, ¶¶ 16–17. Confronted with the possibility of additional charges for failing to cooperate, Cole revealed to ICE that he was again using a false name, and revealed his true identity to be "Percival Everton Allen." Doc. 4-1, p. 29.

Following this development, ICE renewed its request for travel documents with the Jamaican Embassy. Doc. 4-1, pp. 4–5, ¶¶ 19–20. The embassy was able to confirm Cole's (nka Allen) true identity and issued travel documentation on May 15, 2017. Doc. 5-2, pp. 1–2, ¶ 3. On May 25, 2017, ICE removed Cole (nka Allen) from the United States via chartered flight to Jamaica. Doc. 5-2, p. 2, ¶ 4.

### III. ANALYSIS

Article III of the United States Constitution provides that federal courts have jurisdiction to adjudicate only ongoing cases or controversies. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). This "case or controversy" requirement persists throughout all stages of judicial proceedings. *Id.* For a case to fall within the jurisdiction of a federal court, a litigant must "have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.* A case that has been rendered moot ceases to satisfy these requirements. *See id.* "Mootness results when events occur during the pendency of a litigation which render the court unable to grant the requested relief." *Carras v. Williams*, 807 F.2d 1286, 1289 (6th Cir. 1986).

A federal court lacks jurisdiction over a habeas petition if the petitioner is not in government custody. *Lane v. Williams*, 455 U.S. 624, 633 (1982). A petitioner's release from custody generally renders his habeas petition moot. *Id.* The Sixth Circuit has held that a petitioner's removal from the United States moots the petitioner's habeas claims challenging his pre-removal detention. *Enazeh v. Davis*, 107 F. App'x 489, 491 (6th Cir. 2004); *Zundel v. Berrong*, 106 F. App'x 331, 334–35 (6th Cir. 2004). The Northern District has routinely held accordingly. *Calixte v. Holder*, 2012 WL 1004743 (N.D. Ohio) at 2; *Naqib v. Ashcroft*, 2006 WL 3469636 (N.D. Ohio) at 4; *Xu Guangshi v. Holder*, 2011 WL 5361050 (N.D. Ohio). These decisions are consistent with the holdings of other circuits. *See, e.g. Kurtishi v. Cicchi*, 270 F. App'x 197, 199–200 (3d Cir. 2008); *Abdala v. I.N.S.*, 488 F.3d 1061, 1065 (9th Cir. 2007); *See Ferry v. Gonzales*, 457 F.3d 1117, 1132 (10th Cir. 2006).

In exceptional cases, a petition may escape mootness if the released petitioner can show that he will likely suffer some future collateral consequence stemming from his detention, or that the case is "capable of repetition, yet evading review." *Lane,* 455 U.S. at 632–33. A case is capable of repetition, yet evading review when "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." *Calixte*, 2012 WL 1004743, * 2 (relying on *Weinstein v. Bradford*, 423 U.S. 147, 148-149 (1975)). Since Cole makes no such assertions, his petition must be dismissed.

The petition challenges only Cole's detention pending removal; not the removal order itself. Doc. 1, p. 1; *cf. Zundel*, 106 F. App'x at 334–35 (dismissing alien's habeas claims challenging his pre-removal detention as moot after alien's removal while preserving alien's claims challenging his removal order). Since Cole is no longer in ICE custody, his habeas

4

petition can afford him no further relief. Accordingly, this case no longer presents a live case or controversy and is now moot.

## IV. CONCLUSION

For the foregoing reasons, the undersigned recommends that the Court GRANT the Federal Respondents' Motion to Dismiss (Doc. 5) and dismiss this case with prejudice as to all Respondents.[3]

July 19, 2017

Kathleen B. Burke
United States Magistrate Judge

## **OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

---

[3] Respondent Warden of Seneca County Jail did not join in the motion to dismiss but, for the reasons set forth herein, the case is also moot as to Respondent Warden of Seneca County Jail.

5